UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN S. WRIGHT, | ) | CASE NO. ED CV 05-00592 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff claims that the Administrative Law Judge improperly (1) credited non-treating psychiatrists' opinions over the opinion of a treating psychiatrist, (2) found her mental impairments to be not "severe" within the meaning of disability law, and (3) failed to develop the record as to the exact professional qualifications of a therapist who evaluated Plaintiff. The Court concludes that Plaintiff states insufficient grounds for remand or reversal, and therefore affirms.

I.

An Administrative Law Judge may favor consultative examiners' views over those of treating physicians if he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted). The Administrative Law Judge

satisfies this burden by setting forth a detailed and thorough summary of the facts and conflicting clinical evidence, stating his or her interpretation thereof, and making findings reasonably supported by that evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Here, the Administrative Law Judge's decision preferring the consistent opinions of several non-treating doctors over the outlying opinion of Gurmeet S. Multani, M.D., Plaintiff's treating psychiatrist,[1] satisfies the foregoing rules. First, as suggested by *Magallanes*, the opinion includes a detailed and thorough summary of the key clinical evidence, followed by the Administrative Law Judge's interpretations and findings, which enjoy substantial evidentiary support. [AR 13-14 (summarizing State Agency psychiatrists' opinions and, consistent with those opinions, the assessment of consulting psychiatrist Linda M. Smith, M.D.).] Second, the Administrative Law Judge noted that, in Plaintiff's "initial interview, she apparently did not tell Dr. Multani the truth and denied any history of substance abuse ([citation to AR 308)], thus creating a huge gap in the diagnostic and treatment database of her psychiatrist." [AR 14.] These are sufficient bases for accepting the consultants' opinions over those of Dr. Multani.

---

[1]Defendant asserts that Dr. Multani, the psychiatrist whom Plaintiff presents as her treating psychiatrist, does not merit the "treating" designation and the corresponding added deferential weight given to her opinion. Defendant notes that Plaintiff visited Dr. Multani only after seeking an administrative hearing, at a time when no examiner yet had found "severe" mental impairments. Such circumstances, Defendant reasons, show that Plaintiff sought the opinion "not based on [her] medical need for treatment or evaluation, but solely on [her] need to obtain a report in support of [her] claim for disability." *See* 20 C.F.R. § 404.1502 (excluding such a source from the definition of "treating"). The Court need not and does not decide this issue, however, because the Administrative Law Judge's opinion satisfies the higher standard for rejecting even a treating source's opinion.

## II.

Plaintiff's second argument is that the Administrative Law Judge improperly found Plaintiff's mental ailments not to be "severe."  In effect, this second claim is a second way of arguing the first claim.  (Although Defendant asserts that Dr. Multani's assessment may not support a "severe" finding even if fully credited, the Court assumes for the sake of discussion that it does.)  Both claims' principal basis is that the Administrative Law Judge erred in discrediting Dr. Multani's assessment and instead favoring the assessments of several other, non-treating doctors.  Because the Administrative Law Judge did not so err, as discussed above, the second claim fails along with the first.

## III.

Plaintiff's third and final claim is that the Administrative Law Judge failed to develop the record further to learn just what professional qualifications were held by Joyce Babbitt Phillips, who prepared a March 2004 Work Capacity Evaluation form relied upon by Plaintiff in this action.  "On this form," the Administrative Law Judge explained,

> Ms. Phillips checked off several boxes indicating that the claimant is markedly or extremely limited in most areas of functioning ([citation to AR 322-23]).  In considering Ms. Phillips' opinion, I first note that her qualifications are unknown.  Presumably she is a "therapist," but she does not bother to insert her title where called for on the form.
>
> Furthermore, other than a brief statement that the claimant has severe side effects from her hepatitis medications, she does not provide any supporting evidence, either on the form or via any supplemental treating notes, and therefore provides no

insight into either the claimant's condition or the nature of her treating relationship to her.

Moreover, the form is a classic example of the expression of egregiously accommodative, exaggerated assertions of inability to function. With the number of marked and extreme limitations in mental function checked, one would assume the patient was institutionalized, since there is, if you believe the form, no capacity even to take care of self-help activities and the activities of daily living. A person described in [this form] would need a keeper.

This form does not come close to establishing the lack of mental function asserted, does not comment on the history of and possible continuance of substance abuse, and is thoroughly rebutted by the consultative psychiatric examiner and the State Agency psychiatrists, and is thus entitled to little weight. Additionally, a "therapist" of course would have no competence to comment on the claimant's physical status[,] and [thus] her statements regarding the claimant's hepatitis and medication side effects are irrelevant.

[AR 15 (paragraph breaks added).] If indeed Ms. Phillips was solely a therapist, she was not an "acceptable medical source" of evidence relating to Plaintiff's claim. 20 C.F.R. § 404.1513(a).

Plaintiff's third argument is unpersuasive for several independent reasons. First, Plaintiff has neither alleged nor provided any evidence that Ms. Phillips holds the medical credentials required by 20 C.F.R. § 404.1513(a). (On the contrary, Defendant points to an annotation atop the form in question (AR 322) stating "Joyce Phillips, M.A., M.F.T.," apparently indicating her qualifications as a master of the arts and a marital and

family therapist.   Such are insufficient to satisfy the regulation.)   Second, the Administrative Law Judge had no duty to develop the record further in this case.  Late in 2005, the Ninth Circuit squarely rejected an argument similar to Plaintiff's in *Bayliss v. Barnhart*:

> Bayliss further asserts that the ALJ should have recontacted Drs. Tobin, Sweet, and Manfield before rejecting parts of their opinions.  "The claimant bears the burden of proving that she is disabled."  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination.  20 C.F.R. §§ 404.1512(e), 416.912(e); *Thomas* [*v. Barnhart*], 278 F.3d [947,] 958 [(2002)].  The ALJ, with support in the record, found the evidence adequate to make a determination regarding Bayliss's disability.  Accordingly, the ALJ did not have a duty to recontact the doctors.

427 F.3d 1211, 1217 (9th Cir. 2005).  The same is true here: the evidentiary record was adequate, and the Administrative Law Judge provided specific and legitimate reasons why he largely found the opinions of other mental health professionals more persuasive than the opinions of Dr. Multani and Ms. Phillips.  Third, even if Ms. Phillips bore the proper credentials, the Administrative Law Judge supplied adequate reasons for according "little weight" to her unsupported, conclusory assessment.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: September __6__, 2006


_____
/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE